IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH DARRYL HYDE, )
)
    Plaintiff, )
)
v. ) CASE NO. 2:18-cv-519-SRW
)
ANDREW SAUL, )
Commissioner of Social Security,[1] )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Hyde, proceeding *pro se*, commenced this action on May 21, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his applications for disability benefits and supplemental security income ("SSI") payments.[2] *See* Doc. 1; R 63-78. Plaintiff alleged disability beginning May 1, 2013, due to severe shoulder and knee pain, pinched nerve in neck, sleep apnea, chest pain, inability to drive due to various pain, and migraine headaches. R. 264. An administrative hearing was held June 2, 2015, at which time plaintiff signed a waiver of his right to representation. *See* R. 85-89, 224, 226. In a decision dated November 10, 2015,

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Nancy A. Berryhill, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the electronic docket.

[2] The complaint states that plaintiff is appealing the denial of his application for disability benefits (Doc. 1), but the record reflects that plaintiff also applied for supplemental security income payments. *See* Doc. 20-2 at 63. In light of plaintiff's *pro se* status, the court considers the appeal of both applications. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (citation omitted).

the administrative law judge (ALJ) concluded that plaintiff was not disabled. R. 63-78. On January 17, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's decision after considering additional evidence. R. 21-26.

Plaintiff challenges the decision of the Appeals Council on this appeal. Doc. 17. He asks the court to reverse the Commissioner's decision and award benefits or, in the alternative, to remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Docs. 1 at 2; 17 at 3. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c); *see also* Docs. 15, 16. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the

[Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## THE ADMINISTRATIVE FINDINGS

In his decision dated November 10, 2015, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 1, 2013. R. 65. The ALJ found that plaintiff has the severe impairments of obesity, osteoarthritis left knee, degenerative joint disease right shoulder, headache disorder, hypertension, and depression, but none of the impairments or combination of impairments met or medically equaled a listed impairment. R. 65-66. After considering plaintiff's impairments, symptoms, and the record as a whole, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light exertional work.[3] R. 68. With the assistance of

---

[3] "Except with the following limitations: frequently push/pull with the right upper extremity and the left lower extremity; never climb ladders, ropes or scaffolds and never kneel or crawl; occasionally climb ramps/stairs, stoop and crouch; and frequently balance and reach on a bilateral basis, in all directions, to include overhead. The claimant has no visual or communicative limitations. He should avoid concentrated exposure to extreme cold/heat, wetness, humidity, level

VE testimony, the ALJ determined that plaintiff was unable to perform his past relevant work, but he could perform other jobs that exist in significant numbers in the national economy. R. 76-77. Upon that determination, the ALJ concluded that plaintiff has not been under a disability from May 1, 2013, through the date of the decision. R. 78-79.

Plaintiff sought review of the ALJ's decision, asserting the ALJ did not have all of his records. R. 38. The Appeals Council granted plaintiff additional time to submit records, *see* R. 30, but eventually denied plaintiff's request for review. R. 21-22. The decision of the Appeals Council is addressed more fully below.

## DISCUSSION

Plaintiff maintains that the Appeals Council did not receive or consider the evidence he submitted from Montgomery Area Mental Health Authority (MAMHA), and he attaches the records to his memorandum. *See* Docs. 17 at 2-3, 17-1. He contends that the Appeals Council should have considered these records, all of which predate the ALJ's decision, because the records are new, material, and chronologically relevant.[4] Docs. 17 at 2-3.

---

4/5 noise in the DOT, vibration, unprotected heights and hazardous machinery. He can frequently interact and respond appropriately to supervision and coworkers but not with customers or the general public. The claimant can respond appropriately to work pressures and routine changes in a usual work setting, if gradually introduced. The claimant can use judgment, understand, remember, and carry out simple, 1-2 step instructions and work-related decisions. He is unable to do so with detailed, complex instructions and work-related decisions." R. 68.

[4] The MAMHA records are dated June 24, 2014, through September 15, 2015, and include the following: therapy notes dated June 24, 2014, July 29, 2014, and November 17, 2014; doctors' progress notes dated July 21, 2014, August 20, 2014, November 17, 2014, February 16, 2015, and September 15, 2015; and a therapist's intake assessment and treatment plan dated September 3, 2015. *See* Doc. 17-1 at 3-28.

Citing provisions of 20 C.F.R. § 404.970,[5] plaintiff appears to argue that a remand for consideration of this evidence is warranted because he had "good cause" for not submitting the records earlier. Doc. 17 at 2-3. Plaintiff contends that good cause is shown because he has "been seriously ill and disabled as is shown by the opinion of the hearing officer and ha[s] not been able to obtain the services of an attorney." *Id.* at 3.

In response, the Commissioner contends that the ALJ's decision is supported by substantial evidence and the Appeals Council properly reviewed the evidence plaintiff submitted and determined it did not meet the requirements for remand. Doc. 19.

In reply, plaintiff contends that the substantial evidence of record demonstrates that he was disabled, and he cites to nine medical records in support.[6] Plaintiff attaches to his

---

[5] Effective January 17, 2017, 20 C.F.R. §§ 404.970 and 416.1470 were amended, placing limitations on the Appeals Council's consideration of new evidence by, *inter alia*, requiring the claimant to show good cause for not submitting the evidence to the ALJ. *See* 81 Fed. Reg. 90987, 90992, 90994 (Dec. 16, 2016). Although the Appeals Council applied the regulations in effect as of the date it "took this action"—i.e., January 17, 2017—there is nothing in its decision to suggest that it required plaintiff to show good cause for failing to submit the evidence to the ALJ. *See* R. 21-24.

[6] Plaintiff cites: (1) an April 16, 2014, x-ray of his left knee that showed degenerative changes; (2) a state agency doctor's April 16, 2014, opinion that plaintiff had an impairment due to depression; (3) a therapist's note of July 29, 2014, that stated plaintiff "appeared to be in a lot of pain;" (4) a physician's note of November 14, 2014, that stated plaintiff had "chronic pain with a lot of situational depression and anxiety;" (5) a physician's note of February 16, 2015, that documented the discontinuation of an antidepressant due to side effects, a diagnosis of major depressive disorder, and complaints of trouble sleeping due to arm pain and ongoing depression; (6) a therapist's September 3, 3015, diagnosis of major depressive disorder and observations that plaintiff walked with a limp, experienced joint pain, and had poor coping skills; (7) a December 21, 2015, office visit at Health Services Inc. where plaintiff was seen for worsening musculoskeletal pain and an x-ray report from River Region Health Center that showed degenerative arthritis in the right knee; (8) an x-ray (plaintiff refers to this as an MRI) report from River Region Health dated January 6, 2016, that showed mild degenerative change of the AC joint in the left shoulder; and (9) an MRI report from Montgomery Open MRI dated January 31, 2016, that showed a tiny C3-4 annulus tear and early right uncovertebral spurring in the cervical spine. Doc. 21 at 1-2.

reply the documents that postdate the date of the ALJ's decision, which are imaging reports from December 2015 and January 2016 and notes from a doctor's visit in December 2015 (identified at nos. 7-9 in n.6). Docs. 21-1, 21-2, 21-3. Citing 20 C.F.R. § 404.935(b),[7] plaintiff argues he has shown good cause for not previously submitting "definitive proof of his disability (as MRIs or X-Rays)" because he has been depressed and in pain, unable to sleep or afford treatment, or homeless. Doc. 21 at 2. He acknowledges that the MRI and x-ray reports "have not been evaluated by a doctor to determine how they affect [his] ability to work," but states that he has not had funds to do that. *Id.* at 3. He requests the court to remand his case for further consideration and to order the SSA to authorize payment for doctors to evaluate the MRI and x-rays and obtain an MRI of his lower back. *Id.*

The Appeals Council "must consider new, material, and chronologically relevant evidence" and must grant a claimant's request for review if "the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting C.F.R. § 404.970(b)). Evidence is new when the claimant submits it to the Appeals Council after the ALJ's decision and it is not cumulative of other evidence of record. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 n.6 (11th Cir. 2015) (citing *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986)). Evidence is material if a reasonable probability exists that it would change the administrative result. *Id.* (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir.1987)). And, evidence is chronologically relevant if it "relates to the

---

[7] This regulation addresses submitting written evidence to the ALJ and also was amended effective January 17, 2017.

period on or before the date of the [ALJ's] hearing decision." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (quoting §§ 404.970(b), 416.1470(b)). The Appeals Council's decision whether to review the ALJ's decision because of new evidence is subject to judicial review. *Washington*, 806 F.3d at 1320. Whether evidence submitted to the Appeals Council is new, material, and chronologically relevant is a legal question subject to *de novo* review. *Id.* at 1321.

**A.     The Records Predating the Date of the ALJ's Decision – The MAMHA Records**

Plaintiff's assertion that the Appeals Council did not receive or consider the records from MAMHA is without merit. Here, the Appeals Council expressly stated that it had considered the "additional evidence listed on the enclosed Order of the Appeals Council." R. 22. That order identified the additional evidence as records from MAMHA dated June 24, 2014, through September 15, 2015, and the Appeals Council placed the records in the administrative record as Exhibit 13F. *See* R. 25-26, 453-81. The Appeals Council denied plaintiff's request for review, explaining that the records from MAMHA "did not provide a basis for changing the [ALJ]'s decision." *See* R. 22, 25-26, 453-81 (Ex. 13F). That explanation is legally sufficient. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014) (providing that if the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 935 (11th Cir. 2015) (explaining that under *Mitchell,* the Appeals Council's statement that "it had considered the additional evidence but 'the information did not provide a basis for changing the ALJ's decision'" was sufficient).

7

Plaintiff's contention that the MAMHA records are new, chronologically relevant, and material also is without merit. Although the records from MAMHA relate to the period on or before the date of the ALJ's decision, they do not constitute new, non-cumulative evidence. The ALJ addressed the MAMHA therapy notes dated June 24, 2014, July 29, 2014, and November 17, 2014, and the physicians' progress notes dated July 21, 2014, August 20, 2014, November 17, 2014, and February 16, 2015. *See* R. 67, 71. Because the records were before the ALJ, they do not constitute "new" evidence. *See Washington*, 806 F.3d at 1321. Although the physician's progress note dated September 15, 2015, and the therapist's intake assessment and treatment plan dated September 3, 2015, were not before the ALJ, they do not constitute new evidence because they are cumulative of other evidence in the record. These records document plaintiff's complaints of depression, insomnia, and difficulty focusing (R. 455, 461, 477); a depressed mood and dysphoric affect, but otherwise normal findings on mental status exam (R. 458, 477); and diagnoses of major depressive disorder (R. 459, 477). However, these records do not provide any information different from the earlier treatment notes the ALJ discussed. *Compare* R. 478-81 *with* R. 455-59, 461, 477. Because new evidence may not be cumulative, these records also fail to constitute "new" evidence. While plaintiff summarily asserts "there is a reasonable probability" these records would change the outcome of the ALJ's decision, he offers no explanation as to how. Significantly, none of the physicians or therapists provided opinions on plaintiff's mental functional capacity or any information that was contrary to the ALJ's decision. In sum, the records from the MAMHA do not render the denial of benefits erroneous.

**B.      The records Postdating the Date of the ALJ's Decision – The December 2015 Office Visit and X-Ray Report and the 2016 X-Ray Report[8]**

Aside from plaintiff's "good cause" argument, which is without merit because the Appeals Council did not require a showing of good cause, plaintiff's argument related to the December 2015 office notes and the December 2015 and January 2016 imaging reports is unclear. To the extent that plaintiff complains in his reply (Doc. 21) that the Appeals Council did not receive or consider the December 2015 and January 2016 records from Health Services Inc. and River Region Health Center, he is incorrect.

The Appeals Council stated that it had "also looked at medical records from River Region Health Center dated December 21, 2015 and medical records from Health Services Inc. dated December 21, 2015 through January 20, 2016." R. 22. The Appeals Council indicated that this evidence did not "affect the decision about whether [plaintiff] was disabled beginning on or before November 10, 2015[,]" explaining that the ALJ decided plaintiff's case through November 10, 2015, and "[t]his new evidence is about a later time." *Id.* The Appeals Council advised plaintiff to "apply again" if he wanted the SSA to consider whether he was disabled after November 10, 2015. *Id.* The Appeals Council said that it was placing this evidence in plaintiff's "electronic file" for him to use in a new claim. *Id.*

The Appeals Council's statements demonstrate that it did not err in declining to consider these new medical records because it found that the records were not

---

[8] The MRI of plaintiff's cervical spine is dated more than a year after the Appeals Council issued its decision. As such, it is not at issue on his challenge to the Appeals Council's consideration of the evidence. Moreover, plaintiff makes no showing that the MRI report satisfies the requirements for a sentence six remand. Although the MRI report is new evidence, plaintiff does not demonstrate that it is chronologically relevant or material. On this record, the court is unable to conclude otherwise.

chronologically relevant. The Eleventh Circuit has found that nearly identical statements by the Appeals Council showed that the Appeals Council properly declined to consider new evidence because it was not chronologically relevant. *See Hargress*, 883 F.3d at 1309 (concluding that the Appeals Council properly declined to consider new evidence because it was not chronologically relevant where it stated the new evidence was from a later time than the ALJ's decision and did not affect the decision about whether plaintiff was disabled beginning on or before the date of decision); *Hand v. Soc. Sec. Admin., Comm'r*, __ F. App'x __, 2019 WL 4447206, at *6 (11th Cir. Sept. 17, 2019) (concluding that the Appeals Council properly refused to consider new evidence where it stated the new evidence did not relate to the period at issue and did not affect the decision about whether plaintiff disabled beginning on or before the date of the ALJ's decision because its statements showed the evidence was not chronologically relevant). Moreover, the Appeals Council was not required to provide further explanation or to address each piece of evidence. *See Hargress*, 883 F.3d at 1309; *Hand*, __ F. App'x __, 2019 WL 4447206, at *6.

Although evidence may be chronologically relevant even if it is created after the ALJ's decision, *see Washington*, 806 F.3d at 1321, the court agrees with the Appeals Council that these records are not. The notes from the December 21, 2015, office visit reflect that plaintiff presented for "worsening" complaints of shoulder pain that radiated to his knees and requested that x-rays be taken. Doc. 21-1 at 1. Post-decision medical records that document a decline or worsening in a condition, and x-ray evidence generated from the same, do not support a finding that the records relate to the period on or before the ALJ's decision of November 10, 2015.

## CONCLUSION

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be affirmed by a separate judgment.

DONE, on this the 30th day of September, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge